IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Hon. Marianne O. Battani |
| | : | |
| | : | |
| IN RE: ALTERNATORS | : | 2:13-cv-00702-MOB-MKM |
| IN RE: STARTERS | : | 2:13-cv-01102-MOB-MKM |
| IN RE: IGNITION COILS | : | 2:13-cv-01402-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | 2:13-cv-01502-MOB-MKM |
| IN RE: INVERTERS | : | 2:13-cv-01802-MOB-MKM |
| IN RE: AIR FLOW METERS | : | 2:13-cv-02002-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | 2:13-cv-02202-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | 2:13-cv-02502-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : | 2:13-cv-02602-MOB-MKM |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALL AUTOMOBILE DEALER ACTIONS | : | |
| | : | |

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN
AUTOMOBILE DEALERS AND HITACHI AUTOMOTIVE SYSTEMS, LTD. AND
ENTERING DISMISSAL WITH PREJUDICE
AS TO HITACHI AUTOMOTIVE SYSTEMS, LTD., HITACHI AUTOMOTIVE
<u>SYSTEMS AMERICAS, INC. AND HITACHI LTD.</u>**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Automobile Dealer Plaintiffs ("Plaintiffs") and Defendant Hitachi Automotive Systems, Ltd. ("HIAMS") set forth in the Settlement Agreement ("Agreement"), dated March 26, 2015, relating to the above-captioned actions (collectively, the "Litigation"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this order and final

1

judgment approving the Agreement ("Order and Final Judgment"). Accordingly, the Court directs entry of this Order and Final Judgment which shall constitute a final adjudication of the Litigation on the merits as to the parties to the Agreement. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this Litigation, and all actions within this Litigation and over the parties to the Agreement for purposes of approving the settlement, including all members of the Alternators Settlement Class, Starters Settlement Class, Ignition Coils Settlement Class, Motor Generators Settlement Class, Inverters Settlement Class, Air Flow Meters Settlement Class, Fuel Injection Systems Settlement Class, Valve Timing Control Devices Settlement Class, and Electronic Throttle Bodies Settlement Class (collectively, the "Settlement Classes").

2. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Order and Final Judgment

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Federal Rule of Civil Procedure ("Rule") 23.

4. Pursuant to Rule 23(g), Class Counsel, previously appointed by the Court (Mantese Honigman, P.C., Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP), are appointed as Counsel for the Settlement Classes. These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

5. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted in the Litigation against HIAMS, Hitachi Automotive Systems Americas, Inc.

and Hitachi, Ltd. (collectively the "HIAMS Defendants") with Plaintiffs and the HIAMS Defendants each to bear their own costs and attorneys' fees except as provided herein.

6. All persons and entities who are Releasors (as defined in paragraph 13 of the Agreement) or who purport to assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Releasees (as defined in paragraph 12 of the Agreement), in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have or could assert, arising out of or related to any of the Released Claims as defined in the Agreement.

7. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

9. The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

10. No person or entity has requested exclusion from any of the Settlement Classes.

11. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Plaintiffs; and (e) the distribution of the settlement proceeds or additional notice to members of the Settlement Classes.

12. In the event that any of the settlement does not become effective in accordance with the terms of the Agreement, then the portion of the Order and Final Judgment concerning the settlement that did not become effective shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void and the parities shall be returned to their respective positions ex ante.

13. HIAMS agrees for a period of 24 months from the date of the entry of this Order and Final Judgment not to engage in conduct that constitutes a per se violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of any Alternators, Starters, Ignition Coils, Motor Generators, Inverters, Air Flow Meters, Fuel Injection Systems, Valve Timing Control Devices, or Electronic Throttle Bodies.

14. The Court finds, pursuant to Rule 54(a) and (b), that this Order and Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Order and Final Judgment, as a final judgment, as to the parties to the Agreement.

15. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any defendant, including the HIAMS Defendants, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust*

*Litigation*, Master File No. 12-md-02311. The Court's findings in this Order and Final Judgment shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority in support of any motion to certify any such class.

16. Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

Date:   November 19, 2015                s/Marianne O. Battani
                                                        MARIANNE O. BATTANI
                                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 7, 2015.

                                                                       s/ Kay Doaks
                                                                       Case Manager